**JOHN L. BURRIS, Esq., SBN 69888**
**PATRICK BUELNA, Esq. SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882
Email:  John.Burris@johnburrislaw.com
Email:  Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAAM SWEIHA, an individual, | Case No.: 4:19-cv-03098 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** (42 U.S.C §§ 1983) |
| v. | **JURY TRIAL DEMANDED** |
| COUNTY OF ALAMEDA, a municipal corporation; JEFFREY EDWARDS in his individual and official capacity as a deputy for the ALAMEDA Sheriff's Department; RUSSEL ARMSTRONG in his individual and official capacity as a deputy for the ALAMEDA Sheriff's Department; ROBERT GARRIGAN in his individual and official capacity as a deputy for the ALAMEDA Sheriff's Department; PAYAM SHANNON in his individual and official capacity as a deputy for the ALAMEDA Sheriff's Department; ERICH MARAPAO in his individual and official capacity as a deputy for the ALAMEDA Sheriff's Department; and DOES 1-50, inclusive. | |
| Defendants. | |

**INTRODUCTION**

1.    This action arises out of the excessive force Alameda deputies Edwards, Armstrong, Garrigan, Shannon and Marapao and other yet-to-be-identified deputies against Plaintiff Abraam Sweiha at the house of his priest and later in the jail.

2.    On July 9, 2017, Sweiha visited his priest's home for a blessing when he suffered a mental health crisis due to his mental disability of bipolar disorder. Sweiha locked himself in a bathroom for over an hour and his family friends became concerned and requested emergency personnel to help Sweiha. Shortly after, deputies Edwards, Armstrong, Garrigan, Shannon and Marapao arrived, broke down the door and set a canine on Sweiha. The canine bit Sweiha on his arm causing severe physical injuries to his arm.

3.    Deputies took Sweiha to jail rather than have him committed for his mental disability and treated. Once in jail, in the following days, Sweiha's mental illness worsened and other yet-to-be-identified deputies ignored his mental illness leading to Sweiha's attempted suicide. Shortly after, deputies stripped Sweiha naked and placed him in another cell where he covered himself in his own urine and feces.

4.    As a result of the incidents, Sweiha suffered physical and mental injuries due to the deputies excessive force and deliberate indifference to his mental illness and medical condition.

**JURISDICTION**

5.    This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the Hayward, Alameda, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

**PARTIES**

6.    Plaintiff ABRAAM SWEIHA is a competent adult and a resident of Hayward, CALIFORNIA.

7.    Defendant ALAMEDA COUNTY ("hereinafter Defendant") is and at all times

herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the COUNTY OF ALAMEDA SHERIFF'S DEPARTMENT.

8.     JEFFREY EDWARDS ("Edwards") is a natural person, being sued in his individual and official capacity as an Alameda County Sheriff Deputy.

9.     RUSSEL ARMSTRONG ("Armstrong") is a natural person, being sued in his individual and official capacity as an Alameda County Sheriff Deputy.

10.     ROBERT GARRIGAN ("Garrigan") is a natural person, being sued in his individual and official capacity as an Alameda County Sheriff Deputy.

11.     PAYAM SHANNON ("Shannon") is a natural person, being sued in his individual and official capacity as an Alameda County Sheriff Deputy.

12.     ERICH MARAPAO ("MARAPAO") is a natural person, being sued in his individual and official capacity as an Alameda County Sheriff Deputy.

13.     Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege his true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

14.     In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the ALAMEDA COUNTY.

15.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

16.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

17.     On or about July 9, 2017, Sweiha visited his priest's home at 2281 Beckham Way, Hayward, CA 94541 for a blessing when he suffered a mental health crisis due to his mental disability of bipolar disorder. Sweiha locked himself in a bathroom for over an hour and his family friends became concerned and requested emergency personnel to help Sweiha. Shortly after, deputies Edwards, Armstrong, Garrigan, Shannon and Marapao arrived. Deputies learned on scene from Sweiha's family friend that Sweiha suffered from a mental illness, was weeping and locked himself in the bathroom for several hours, but was not violent or threatening anyone.

18.     Sweiha had moved to the room where the priest was located, who was bedridden. Sweiha was holding a cross and praying, afraid to face the deputies in fear they were going to hurt him. Moments later, without any efforts to de-escalate the situation or coax Sweiha from the room, Deputies Edwards, Armstrong, Garrigan, Shannon and Marapao broke down and set a canine on Sweiha. The dog immediately attacked Sweiha, biting him several times on his arm causing severe wounds even after deputies handcuffed him.

19.     Deputies brought Sweiha to the hospital but he was not treated for his mental illness or put on a 5150 hold, rather deputies took him to jail in deliberate indifference to his mental disability. Once at the Santa Rita jail, other yet-to-be-identified deputies allowed Sweiha's untreated mental illness to worsen, despite their obvious notice of his mental illness, and left him in a jail cell where he attempted to commit suicide further injuring himself.

20.     Yet-to-be-identified deputies stripped Sweiha naked and placed him in another jail cell instead of seeking mental health treatment for him. Sweiha's mental illness continued to worsen and he covered himself in his own urine and feces and refused to eat. Deputies also permitted Sweiha to attempt suicide. Instead of seeking medical treatment for Sweiha, yet-to-be-identified deputies placed Sweiha in a straight-jacket. After a week of blatant mistreatment and ignoring Sweiha's worsening medical conditions, he was transferred to a psychiatric facility and

received treatment. As a result of the deputies excessive force and deliberate indifference to his serious medical needs for his mental illness, Sweiha suffered severe physical and mental injuries.

## DAMAGES

21.     As a proximate result of Deputies Edwards, Armstrong, Garrigan, Shannon, Marapao and other yet-to-be-identified Does' conduct, Plaintiff suffered assault, battery, wrongful detention and excessive force.  As a further proximate result of Defendants and Does' conduct, Plaintiff suffered extreme physical injury, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride.

22.     The conduct of the Defendants and Does were malicious, wanton, and oppressive. Plaintiff is therefore entitled to and award of punitive damages against said Defendant Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against Edwards, Armstrong, Garrigan, Shannon, Marapao DOES 1-25)*

23.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

24.     When Deputies Edwards, Armstrong, Garrigan, Shannon, Marapao and yet-to-be-identified deputies broke down the door and set the canine on Plaintiff while he was merely praying without reason, justification or threat, the deputies used unreasonable force depriving Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution. Deputies Edwards, Armstrong, Garrigan, Shannon, Marapao and other yet-to-be-identified did not have a lawful basis to use force against Plaintiff, which violated their training and Plaintiff's constitutional rights under the Fourth Amendment.

25.     As a result of his misconduct, Deputies Edwards, Armstrong, Garrigan, Shannon, Marapao and yet-to-be-identified deputies are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section**

**1983)**

*(Against Defendant ALAMEDA COUNTY and DOES 26-50)*

26.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-26 of this complaint.

27.     Plaintiff is informed and believes and thereon alleges that high ranking ALAMEDA COUNTY officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them.

28.     Sweiha was suffering from mental crisis which Defendants were well aware of and instead of summoning any crisis intervention personnel, verbally de-escalation the situation and/or utilizing family and/or friends on scene to coax Sweiha from the room, the Deputies immediately, without waiting or using alternative tactics, set a canine on Sweiha. Of the five involved deputies only one allegedly had their body camera on, which mysteriously malfunctioned and so any footage was destroyed. None of these deputies were re-trained or have disciplined. Then despite obvious signs of mental illness Deputies did not summon mental health services or put him on a psychiatric hold, instead they incarcerated him where his condition worsened, presumably as part of their training and policy. Again, none of these deputies were re-trained and/or disciplined. Furthermore, once inside the jail deputies allowed Plaintiff's mental illness to worsen and rather than get him treatment, they allowed his condition to worsen until her attemped suicide. Afterwards they stripped him naked, permitted him to cover himself in his own urine and feces, refused to eat and placed him in a straightjacket rather than get him mental health treatment. Finally after over a week in this condition, Plaintiff was transferred to a psychiatric facility. These unconstitutional policies that ignored his mental health needs and turn to force without consequence are evidenced in the department as only the latest in a collection and trend of excessive force and constitutiona violations committed by sheriff deputies who are not facing any punishment as a result of their dangerous and unjustifiable actions. For example,

a.     In 2010, Alameda Deputies were sued and settled a case where he, along with other Alameda County deputies, piled on top of John Wayne McGee suffocating in a jail and suffocated him to death. (Case 3:12-cv-04286-JST). The same deputy was also sued

again for a 2014 incident where he used a baton to savagely beat an unarmed woman causing a huge gash in her head that required eight staples. (Case 3:16-cv-05132-WHO).

b. In January 2018, an Alameda County Sheriff's Deputy was arrested for retaliating against an inmate by ensuring that six other inmates had the opportunity and means to savagely beat the victim inmate.[1]

c. Alameda County Sheriff's Deputies Sarah Krause and Stephen Sarcos have also been recently charged and arrested for "a series of incidents in which deputies pushed an inmate to throw feces and urine onto other prisoners in November 2016." *Id.*

d. Alameda County Sheriff's Deputies Justin Linn and Erik McDermott also have recently been arrested and face "charges of felony assault under the color of authority, witness intimidation and conspiracy to obstruct justice." *Id.*

e. In 2017, Alameda County had to pay $5.5 million dollars when two Alameda County Sheriff's Deputies were caught on video striking a man, who was attempting to surrender, with batons more than 40 times.[2]

29.    Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 25-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. This is confirmed by the fact that despite heavy and intense scrutiny into Alameda County jail after several incidents of misconduct Deputies still feel comfortable beating to violate their inmates constitutional rights and enforce unconstitutional mental health policies.

---

[1] "Alameda County Sheriff's Deputy Arrested, Allegedly Set Up Inmate Beating"

(https://ww2.kqed.org/news/2018/01/17/alameda-county-sheriffs-deputy-arrested-allegedly-set-up-inmate-beating/)

[2] "Stanislav Petrov, Alameda County Sheriff's Office Reach $5.5 Million Settlement Over 2015 Beating"

(https://www.nbcbayarea.com/news/local/Stanislav-Petrov-Alameda-County-Sheriffs-Office-Reach-55-Million-Settlement-Over-2015-Beating-420778394.html)

30.    Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

31.    As against Defendant ALAMEDA COUNTY, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the COUNTY OF ALAMEDA SHERIFF DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

32.    Plaintiff is informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY, and each of them.

33.    The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY, and each of them.

34.    Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY.

35.    Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or

practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

36.    The aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY, and each of them, resulted in the deprivation of Plaintiff's constitutional rights.

37.    The aforementioned acts and/or omissions and/or deliberate indifference by high ranking ALAMEDA COUNTY officials, including high ranking ALAMEDA SHERIFF DEPARTMENT supervisors, Defendants, and DOES 1-50, and each of them, and the aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the ALAMEDA COUNTY resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.    The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

c.    The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

38.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Violation of the Fourteenth Amendment)**
*(Against Edwards, Armstrong, Garrigan, Shannon, Marapao DOES 1-25)*

39.    Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint.

40.    By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution including:

a.    The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as secured by the Fourteenth Amendment.

b.    An individual's constitutional right to a safe environment and/or conditions.

41.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein with reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions. Plaintiff was in obvious need of medical treatment and Defendants both in placing him in Santa Rita Jail, rather than admitting him to a psychiatric hospital, and also yet-to-be-identified Deputies ignoring his worsening conditions resulting severe psychiatric and physical injuries violated Plaintiff's Fourteenth Amendment rights. Furthermore Defendants failed to provide Plaintiff reasonably safe conditions and permitted him to attempt suicide, and used unreasonable restraint in placing him in a straightjacket.

42.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth herein.

43.    The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Violation of the Title II of the Americans with Disabilities Act 42 U.S.C. section 12132)**
*(Against County of Alameda, Edwards, Armstrong, Garrigan, Shannon, Marapao & DOES 1-25)*

44.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 of

this complaint.

45.    As against Defendant COUNTY, and/or DOES 26-50 in their capacity as official policy- maker(s) for the COUNTY OF ALAMEDA, Plaintiff further alleges that said defendants and yet-to-identified Does failed to train, supervise, and or discipline Defendants and DOES 1-25: in recognizing symptoms of bipolar disorder and schizophrenic tendencies under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as Abraam Sweiha, from participating in or denying benefits and services provided by Defendant COUNTY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the use of force against Abraam Sweiha, during the course of the subject-incident,  and afterwards in denying him medical treatment in jail that resulted in him refusing to eat, covering himself in feces and urine, and being placed in a straightjacket.

46. As against Defendants and DOES 1-25, at the time Defendants and DOES 1-25 made contact with Sweiha they knew and/or had reason to know from bystanders that he was experiencing a mental crisis and were aware of his disability and the symptoms and manifestations of Sweiha's recognized disability of bipolar disorder, and yet these Defendants and DOES 1-25 decided to escalate immediately to the use of force against him, not provide him mental health treatment and continue to deny him in custody mental health treatment. In addition, these Defendants failed to provide reasonable accommodations during their encounter and arrest of Sweiha by failing to contact an emergency medical services provider to transport to a psychiatric hospital. Defendants further failed to provide Sweiha any mental health treatment while in custody permitting his condition to worsen then unreasonably restrained him in straightjacket and permitted him to cover himself in urine and feces.

47. The aforementioned conduct of Defendants and DOES 1-25, in failing to make reasonable accommodations for Plaintiff denied him the benefits of Defendant COUNTY's programs and activities, and/or discriminated against Sweiha by reason of his recognized disability

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

48.    Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.    For general damages in a sum to be proven at trial;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.    For punitive damages against Does 1-50 in a sum according to proof;

4.    Declaratory and injunctive relief, including but not limited to the following:

    i.    An order requiring Defendant ALAMEDA COUNTY to institute and enforce appropriate and lawful policies and procedures for taking people suffering from mental health issues into custody

    ii.    An order requiring Defendant ALAMEDA COUNTY to institute and enforce appropriate and lawful policies and procedures for providing medical and psychiatric assistance to arrestees/detainees;

    iii.    an order prohibiting Defendant ALAMEDA COUNTY from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

    iv.    an order prohibiting Defendant ALAMEDA COUNTY and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

v. an order requiring Defendant ALAMEDA COUNTY train all law enforcement officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests i-v, above

5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; and as otherwise may be allowed by federal law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated:  May 30, 2019                          **Law Offices of John L. Burris**

                                        ____/s/  Patrick Buelna
                                        Patrick Buelna
                                        Attorney for Plaintiff